## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094 <br><br> THIS DOCUMENT RELATES TO ALL CASES <br><br> JUDGE KAREN SPENCER MARSTON |
| ERIC LEDESMA _____ , <br>                    Plaintiff <br> v. <br> NOVO NORDISK INC. and <br><br> NOVO NORDISK A/S _____ , <br>                    Defendants. | COMPLAINT AND JURY DEMAND <br><br> CIVIL ACTION NO.: 2:26-cv-00181 _____ |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 _____ (ECF 503 _____).

1

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1.    Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): **Eric Ivan Ledesma**                                      .

2.    If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____ ,

as _____ of the estate of _____ , deceased.

3.    If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____ .

4.    If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____ .

**Defendant(s)**

5.    Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

        **X**____ Novo Nordisk Inc.

        **X**____ Novo Nordisk A/S

        _____ Eli Lilly and Company

        _____ Lilly USA, LLC

        _____ other(s) (identify): _____

## JURISDICTION AND VENUE

6.      City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a

Decedent, Decedent's last permanent residence):

Jourdanton, TX

7.      State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Texas

8.      State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA

Product(s) at issue:

Texas

9.      City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Jourdanton, TX

10.     Jurisdiction is based on:

X      diversity of citizenship pursuant to 28 U.S.C. § 1332

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

11.     The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form

Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

Western District of Texas

12.     Venue is proper in the District Court identified in Paragraph 11 because:

X      a substantial part of the events and omissions giving rise to Plaintiff(s)'

        claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

**PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

**X**___    Ozempic (semaglutide)

_____    Wegovy (semaglutide)

_____    Rybelsus (oral semaglutide)

_____    Victoza (liraglutide)

_____    Saxenda (liraglutide)

_____    Trulicity (dulaglutide)

_____    Mounjaro (tirzepatide)

_____    Zepbound (tirzepatide)

_____    Other(s) (specify): _____

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

January 2024 - March, 2025
_____

_____

_____

_____

5

**INJURIES AND DAMAGES**

16.    To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____ Gastroparesis

_____ Other gastro-intestinal injuries (specify) _____

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

**X** _____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) _____

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

_____ Additional/Other(s) (specify): _____

17.    Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

June of 2024
_____

_____

_____

_____

18.    In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

**X**____ Injury to self

_____ Injury to person represented

**X**____ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): _____

**CAUSES OF ACTION**

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

X____ Count I:      Failure to Warn – Negligence

X____ Count II:     Failure to Warn – Strict Liability

X____ Count III:    Breach of Express Warranty/Failure to Conform to Representations

X____ Count IV:     Breach of Implied Warranty

X____ Count V:      Fraudulent Concealment/Fraud by Omission

X____ Count VI:     Fraudulent/Intentional Misrepresentation

X____ Count VII:    Negligent Misrepresentation/Marketing

X____ Count VIII:   Strict Product Liability Misrepresentation/Marketing

X____ Count IX:     Innocent Misrepresentation/Marketing

X____ Count X:      Unfair Trade Practices/Consumer Protection (see below)

X____ Count XI:     Negligence

X____ Count XII:    Negligent Undertaking

X____ Count XIII:   State Product Liability Act (see below)

_____ Count XIV:    Wrongful Death

_____ Count XV:     Loss of Consortium

_____ Count XVI:    Survival Action

_____ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a.  Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

TX Bus & Com Code § 17.46 (2024)
_____

_____

_____

    b.  Identify the factual allegations supporting those claims (by subsection, if applicable):

Plaintiff's consumer protection and unfair trade practices claims are based on Defendants' misrepresentations
_____

and omissions regarding the safety of Ozempic, as alleged in the Master Complaint and incorporated Short Form Complaint.
_____

Plaintiff relied on those misrepresentations and omissions and suffered injury as a result.
_____

*****      Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.**

21.　　If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

　　a.　Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

TX Civ Prac & Rem Code § 82.002 (2024)

　　b.　Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

Plaintiff's Product Liability Act claim is based on the legal theories alleged in Paragraph 19

and the Master Complaint, including strict liability, negligent design, negligent failure to warn,

and breach of implied warranties, to the extent recognized under the applicable Product Liability Act or governing law.

　　c.　Identify the factual allegations supporting those claims:

Plaintiff's Product Liability Act claim is supported by Defendants' conduct as alleged in the Master Complaint and incorporated

Short Form Complaint, including Defendants' design, manufacture, marketing, labeling, and distribution of Ozempic without adequate warnings

regarding known and foreseeable risks of severe injury. As a result of these defects and failures to warn, Plaintiff suffered injury and damages.

***　　Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22.　　If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? _____.  If so, attach such notice.

## **RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## **JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: <u>1/12/2026</u>

RESPECTFULLY SUBMITTED,

By:

<u>/s/ Daniel A. Nigh</u>
Daniel A. Nigh (FL Bar No. 30905)
**NIGH GOLDENBERG RASO**
**& VAUGHN, PLLC**
14 Ridge Square NW, Third Floor
Washington, D.C. 20016
Telephone: 202-792-7927
Facsimile: 202-792-7927
dnigh@nighgoldenberg.com
*Attorney for Plaintiff*